IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA KUNTZ, | ) | CASE NO. 5:10 CV 768 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Patricia Kuntz, for disability insurance benefits.[1]  The parties have consented to magistrate judge's jurisdiction.[2]

This case essentially turns on the related issues of whether the Administrative Law Judge (ALJ) failed to assign sufficient weight to the residual functional capacity (RFC) opinion of a treating physician, and then failed to adequately articulate the reasons for that decision.  Because, as will be stated below, I will conclude that the ALJ in this case did not comply with the applicable regulations on these points, as understood by the Sixth Circuit, I will find that the Commissioner's decision is not supported by substantial evidence and that the matter must be remanded.

---

[1] ECF # 1.

[2] ECF # 22.

## Facts

The essential facts are straightforward. The ALJ found that Kuntz had severe impairments consisting of neuropathy of the right upper extremity, chronic headaches, and depression.[3] Based on these impairments, the ALJ made the following finding regarding Kuntz's RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). Specifically, the claimant can lift, carry, push and pull up to 20 pounds occasionally, 10 pounds frequently, stand for 4 hours in an 8 hour workday, walk for 4 hours in an 8 hour workday, and sit for 6 hours in an 8 hour workday. However, the claimant's impairments are such that she is unable to perform work that requires more than frequent handling on the right dominant side, nor that which requires more than occasional reaching with her right dominant arm above shoulder level. The claimant is unable to perform work that requires any climbing of ladders, ropes or scaffolds. Finally, as a result of the side effects of some of her medications, the claimant would be off task 5% of the time during the workday.[4]

The ALJ decided that this RFC precluded Kuntz from performing her past relevant work as a sales associate, department manager, and an assistant manager.[5]

Following an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ

---

[3] ECF # 10, Transcript ("Tr.") at 13.

[4] *Id.* at 16-17.

[5] *Id.* at 22.

determined that a significant number of jobs existed locally and nationally that Kuntz could perform.[6]  The ALJ, therefore, found Kuntz not under a disability.[7]

Kuntz asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, as noted, Kuntz argues first that the ALJ improperly assigned "little weight" to the 2008 RFC opinion of Eugene Pogorelic, D.O., a treating physician.[8]  Kuntz maintains that Dr. Pogorelic's RFC analysis was significantly more limited than that ultimately adopted by the ALJ and that the ALJ had no basis for discounting the opinion of a treating source in favor of the opinions of two state agency reviewing physicians.[9]  In addition, Kuntz asserts that the ALJ failed to conduct a proper pain and credibility analysis as required by the regulations and relevant case law.[10]

## Analysis

### A.    Standard of review – substantial evidence

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

---

[6] *Id.* at 23.

[7] *Id.*

[8] ECF # 14 at 11-14.

[9] *Id*. at 14-15.

[10] *Id.* at 15-19.

Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[11]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence.  If such is the case, the Commissioner survives "a directed verdict" and wins.[12]  The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[13]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

_____

[11] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[12] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[13] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

-4-

B.      **Standard of review – treating source**

The regulations of the Social Security Administration require the Commissioner to give more weight to opinions of treating sources than to those of non-treating sources under appropriate circumstances.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.[14]

If such opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record," then they must receive "controlling" weight.[15]

The ALJ has the ultimate responsibility for determining whether a claimant is disabled.[16] Conclusory statements by the treating source that the claimant is disabled are not entitled to deference under the regulation.[17]

The regulation does cover treating source opinions as to a claimant's exertional limitations and work-related capacity in light of those limitations.[18] Although the treating

_____

[14] 20 C.F.R. § 404.1527(d)(2).

[15] *Id.*

[16] *Schuler v. Comm'r of Soc. Sec.*, 109 F. App'x 97, 101 (6th Cir. 2004).

[17] *Id.*

[18] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 991 (N.D. Ohio 2003), citing *Green-Younger v. Barnhart*, 335 F.3d 99, 106-07 (2nd Cir. 2003).

source's report need not contain all the supporting evidence to warrant the assignment of controlling weight to it,[19] nevertheless, it must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" to receive such weight.[20]  In deciding if such supporting evidence exists, the Court will review the administrative record as a whole and may rely on evidence not cited by the ALJ.[21]

In *Wilson v. Commissioner of Social Security*,[22] the Sixth Circuit discussed the treating source rule in the regulations with particular emphasis on the requirement that the agency "give good reasons" for not affording controlling weight to a treating physician's opinion in the context of a disability determination.[23]  The court noted that the regulation expressly contains a "good reasons" requirement.[24]  The court stated that to meet this obligation to give good reasons for discounting a treating source's opinion, the ALJ must do the following:

- State that the opinion is not supported by medically acceptable clinical and laboratory techniques or is inconsistent with other evidence in the case record.

- Identify evidence supporting such finding.

---

[19] *Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir. 1984).

[20] *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001).

[21] *Id.* at 535.

[22] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).

[23] *Id.* at 544.

[24] *Id.*, citing and quoting 20 C.F.R. § 404.1527(d)(2).

- Explain the application of the factors listed in 20 C.F.R. § 404.1527(d)(2) to determine the weight that should be given to the treating source's opinion.[25]

The court went on to hold that the failure to articulate good reasons for discounting the treating source's opinion is not harmless error.[26]  It drew a distinction between a regulation that bestows procedural benefits upon a party and one promulgated for the orderly transaction of the agency's business.[27]  The former confers a substantial, procedural right on the party invoking it that cannot be set aside for harmless error.[28]  It concluded that the requirement in § 1527(d)(2) for articulation of good reasons for not giving controlling weight to a treating physician's opinion created a substantial right exempt from the harmless error rule.[29]

The opinion in *Wilson* sets up a three-part requirement for articulation against which an ALJ's opinion failing to assign controlling weight to a treating physician's opinion must be measured.  First, the ALJ must find that the treating source's opinion is not being given controlling weight and state the reason(s) therefor in terms of the regulation – the absence of support by medically acceptable clinical and laboratory techniques and/or inconsistency

------

[25] *Id.* at 546.

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.*

with other evidence in the case record.[30]  Second, the ALJ must identify for the record evidence supporting that finding." [31]  Third, the ALJ must determine what weight, if any, to give the treating source's opinion in light of the factors listed in 20 C.F.R. § 404.1527(d)(2).[32]

In a nutshell, the *Wilson* line of cases interpreting the Commissioner's regulations recognizes a rebuttable presumption that a treating source's opinion should receive controlling weight.[33]  The ALJ must assign specific weight to the opinion of each treating source and, if the weight assigned is not controlling, then give good reasons for not giving those opinions controlling weight.[34]  In articulating good reasons for assigning weight other than controlling, the ALJ must do more than state that the opinion of the treating physician disagrees with the opinion of a non-treating physician[35] or that objective medical evidence does not support that opinion.[36]

The failure of an ALJ to follow the procedural rules for assigning weight to the opinions of treating sources and the giving of good reason for the weight assigned denotes

---

[30] *Wilson*, 378 F.3d at 546.

[31] *Id.*

[32] *Id.*

[33] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

[34] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406-07 (6th Cir. 2009).

[35] *Hensley v. Astrue*, 573 F.3d 263, 266-67 (6th Cir. 2009).

[36] *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551-52 (6th Cir. 2010).

a lack of substantial evidence even if the decision of the ALJ may be justified based on the record.[37]  The Commissioner's *post hoc* arguments on judicial review are immaterial.[38]

Given the significant implications of a failure to properly articulate (*i.e.*, remand) mandated by the *Wilson* decision, an ALJ should structure the decision to remove any doubt as to the weight given the treating source's opinion and the reasons for assigning such weight.  In a single paragraph the ALJ should state what weight he or she assigns to the treating source's opinion and then discuss the evidence of record supporting that assignment. Where the treating source's opinion does not receive controlling weight, the decision must justify the assignment given in light of the factors set out in §§ 1527(d)(1)-(6).

The Sixth Circuit has identified certain breaches of the *Wilson* rules as grounds for reversal and remand:

- the failure to mention and consider the opinion of a treating source,[39]

- the rejection or discounting of the weight of a treating source without assigning weight,[40]

- the failure to explain how the opinion of a source properly considered as a treating source is weighed (*i.e.*, treating v. examining),[41]

---

[37] *Blakley*, 581 F.3d at 407.

[38] *Wooten v. Astrue*, No. 1:09-cv-981, 2010 WL 184147 (N.D. Ohio Jan. 14, 2010).

[39] *Blakley*, 581 F.3d at 407-08.

[40] *Id.* at 408.

[41] *Id.*

- the elevation of the opinion of a nonexamining source over that of a treating source if the nonexamining source has not reviewed the opinion of the treating source,[42]

- the rejection of the opinion of a treating source because it conflicts with the opinion of another medical source without an explanation of the reason therefor,[43] and

- the rejection of the opinion of a treating source for inconsistency with other evidence in the record without an explanation of why "the treating physician's conclusion gets the short end of the stick."[44]

The Sixth Circuit in *Blakley v. Commissioner of Social Security*[45] expressed skepticism as to the Commissioner's argument that the error should be viewed as harmless since substantial evidence exists to support the ultimate finding.[46]  Specifically, *Blakley* concluded that "even if we were to agree that substantial evidence supports the ALJ's weighing of each of these doctors' opinions, substantial evidence alone does not excuse non-compliance with 20 C.F.R. § 404.1527(d)(2) as harmless error."[47]

In *Cole v. Astrue*,[48] the Sixth Circuit recently reemphasized that harmless error sufficient to excuse the breach of the treating source rule only exists if the opinion it issues

---

[42] *Id.* at 409.

[43] *Hensley*, 573 F.3d at 266-67.

[44] *Friend*, 375 F. App'x at 551-52.

[45] *Blakley*, 581 F.3d 399.

[46] *Id.* at 409-10.

[47] *Id.* at 410.

[48] *Cole v. Astrue*, Case No. 09-4309, 2011 WL 5456617 (6th Cir. Sept. 22, 2011).

is so patently deficient as to make it incredible, if the Commissioner implicitly adopts the source's opinion or makes findings consistent with it, or if the goal of the treating source regulation is satisfied despite non-compliance.[49]

## C.    Application of standards

As noted above, this case turns on whether the ALJ assigned adequate weight to the RFC opinion of Dr. Pogorelic, and then sufficiently articulated the reasons for that decision.

Kuntz had a three-year treating relationship with Dr. Pogorelic, beginning in 2005.[50] Her initial complaints related to pain radiating from her right elbow, for which she had surgery in 2003 and 2004. Thereafter, in February, 2006, Dr. Pogorelic diagnosed Kuntz as having reflex sympathetic dystrophy (RSD) as a cause of her pain beyond the condition addressed by the surgery.[51] In 2008, Dr. Pogorelic issued a physical functional capacity assessment that imposed significant work-related limitations on her because of RSD.[52]

The ALJ adopted a residual functional capacity finding with less limitations than those opined by Dr. Pogorelic. In doing so, he assigned Dr. Pogorelic's assessment little weight because he found it inconsistent with other evidence in the record, specifically Kuntz's reports of her ongoing activities, which reports were noted in Dr. Pogorelic's treatment

---

[49] *Id.*, at *6.

[50] ECF # 18 at 7.

[51] Tr. at 373.

[52] *Id*. at 405, 477-79.

notes.[53]  Instead, the ALJ assigned significant weight to an assessment done in 2005 by a state agency reviewing physician, Dr. McCloud.[54]  Dr. McCloud, however, did not have in late 2005 the benefit of Dr. Pogorelic's treatment notes pertaining to his 2006 diagnosis of RSD.[55]  The other state agency reviewing physician, Dr. Villanueva, who signed off on Dr. McCloud's assessment in May of 2006, after reviewing Dr. Pogorelic's initial treatment notes diagnosing RSD, did not see Dr. Pogorelic's 2008 RFC opinion.[56]

Here, as described above, the ALJ assigned only little weight to the RFC opinion of Dr. Pogorelic for the stated reason that this opinion was inconsistent with Kuntz's own reported activities.  Instead, the ALJ chose to assign significant weight to opinions of state agency reviewers that were less restrictive.

My concern here is that, without forthrightly stating it, the ALJ essentially chose to credit a reviewing source opinion that was not based on significant facts in the claimant's medical record, such as the 2006 diagnosis of RSD, over the much later dated RFC opinion of a treating source.   As such, this raised an issue I have previously considered in *Deskin v. Commissioner of Social Security*.[57]  Specifically, *Deskin* addressed the circumstance where the ALJ determined the RFC based on the report of a state agency reviewing physician that

---

[53] *Id*. at 21.

[54] *Id*. at 22.

[55] *See*, *id.* at 365-72 (McCloud report).

[56] *Id*. at 386-99.

[57] *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908 (N.D. Ohio 2008).

-12-

predated two years of treatment records from the Cleveland Clinic. *Deskin* holds that an ALJ may not make a finding of work related limitations based on an outdated source opinion that does not include consideration of a critical body of objective medical evidence.[58]

This conclusion is consistent with *Blakley*, cited above, which is one of the foundational treating source rule opinions of the Sixth Circuit.  In *Blakley*, the ALJ relied on the opinion of a state reviewing physician that pre-dated 300 pages of treatment notes by treating sources.[59]  The Sixth Circuit, on these facts, reversed the ALJ's decision in *Blakely* as a failure to follow agency procedural rules concerning treating source opinions, and found that this failure could not be excused as harmless error.[60]  Specifically, the Blakley court stated that "we require some indication that the ALJ at least considered these facts [the later medical evidence] before giving greater weight to an opinion that is not based on a review of a complete case record."[61]

In this case, the ALJ appears to have followed a two-step approach of first deciding to accord little weight to Dr. Pogorelic's opinion on the ground that it did not match up with Kurtz's activities, and then, when no treating source opinion remained available, basing the resulting RFC finding on the only other medical opinion addressing that point.  Such slight of hand, however, cannot eliminate or evade the problem that the ALJ in this case elected to

---

[58] *Id.* at 912.

[59] *Blakely*, 581 F.3d at 409.

[60] *Id.* at 409-10.

[61] *Id.*

-13-

credit a non-treating source opinion that did not consider a significant part of the medical record over a treating source opinion that did consider the full record, and that the ALJ made this election without directly addressing, in line with *Deskin* and *Blakley*, why he chose to give weight to an opinion that did not consider the full record.

Accordingly, the matter must be remanded for the reasons set forth.

As to the second issue regarding credibility, because there is a problem with the handling of the treating physician's evaluation requiring a remand, I need not adjudicate the credibility issue.  However, on remand the ALJ is directed to reevaluate credibility depending upon the RFC finding that is ultimately adopted.

## Conclusion

For the above reasons, I find that substantial evidence does not support the finding of the Commissioner that Kuntz had no disability.  Accordingly, the decision of the Commissioner denying Kuntz's application for disability insurance benefits is reversed and the case remanded for further proceedings consistent with this decision.

For purposes of any potential application for attorney's fees under the Equal Access to Justice Act,[62] the Court concludes that the position of the Commissioner was substantially justified.

---

[62] 28 U.S.C. § 2412(d)(1)(A).

-14-

IT IS SO ORDERED.

Dated:  November 14, 2011                    s/ William H. Baughman, Jr.
                                             United States Magistrate Judge